UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

MESSIAH ALI BEY,

                Petitioner,         09 Civ. 8416

   -against-                         OPINION

WARDEN BAILEY,

                Respondent.

------------------------------------X

**Sweet, D.J.**

      Petitioner Messiah Ali Bey (the "Petitioner" or "Bey") has moved "to restore the docket back to the calendar and cause the Attorney General and the D.A. to comply to 28 U.S.C. § 2254 R 5 (a)(b)(c) with an appropriate answer and that the Court allow the petitioner to reply by motion pursuant to 28 U.S.C. § 2254 R5 (e)." Treating the motion as either a motion for reconsideration of the Court's April 15, 2010 Opinion denying Petitioner's motion for a writ of habeas corpus (the "Opinion"), pursuant to Local Civil Rule 6.3, or as a motion for relief from final judgment and order, pursuant to Federal Rule of Civil Procedure 60(b), the motion is denied.

The operative facts of this action are recounted in the Court's prior Opinion. Familiarity with the Opinion is assumed.

To prevail on a motion for reconsideration under Local Civil Rule 6.3, "'the moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision.'" Word v. Croce, No. 01 Civ. 9614, 2004 WL 434038, at *2 (S.D.N.Y. Mar. 9, 2004) (quoting Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)); see also Williams v. New York City Dep't of Corr., 219 F.R.D. 78, 83 (S.D.N.Y. 2003); Borochoff v. GlaxoSmithKline PLC, No. 07 Civ. 5574, 2008 WL 3466400, at *1 (S.D.N.Y. Aug. 12, 2008) ("The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992))). "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and

1

conservation of scarce judicial resources.'" Montanile v. Nat'l Broad. Co., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002) (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

Under Rule 60(b), "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The Second Circuit has instructed that Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986); see Bedoya v. United States, 11 F. Supp. 2d 381, 383 (S.D.N.Y. 1998).

Here, Petitioner seems to contend that the Office of the Attorney General's decision not to respond somehow violated Petitioner's due process rights. He also contends that the District Attorney's response was insufficient. However, the Attorney General had no obligation to answer Petitioner's original petition, and the Petitioner has failed to demonstrate how the District Attorney's papers

2

were in any way insufficient. Petitioner also seems to contend that he was denied discovery, but the record reflects that Respondent provided all known transcripts and responded to all reasonable discovery requests. (See Order, dated April 8, 2010.) To the extent Petitioner seeks to present jurisdictional arguments that have already been decided by the Court, these arguments fail. A motion for reconsideration may not be used to relitigate issues already decided by the Court. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Petitioner has failed to show that the Court overlooked any controlling decisions or factual matters that were before it on the underlying habeas petition, and has therefore failed to satisfy the standard of Local Civil Rule 6.3. Similarly, Petitioner has failed to present any evidence of any reason justifying relief from the Opinion.

Accordingly, the motion is denied.

It is so ordered.

New York, NY
December /J , 2010

ROBERT W. SWEET
U.S.D.J.

3